## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EUNICE ALLEN,** | : |
| **Plaintiff,** | : |
| | : |
| **v.** | :  **Civ. No. 16-2756** |
| | : |
| **JOHN MCGRODY, et al.,** | : |
| **Defendants.** | : |

### O R D E R

On June 6, 2016, *pro se* Plaintiff Eunice Allen brought suit against Board Members of the Fraternal Order of Police, Philadelphia Lodge #5; members of the Philadelphia Police Department's Internal Affairs Division; and her estranged husband, apparently alleging violations of the Wiretap Act.  (Compl., Doc. No. 1 ("Basis is in the realm of wire-tapping, 2511, section C.")); see 18 U.S.C. § 2511.  Plaintiff has nowhere explained how this criminal statute affords her a private right of action.  On August 24, 2016, because Plaintiff had not yet served Defendants, my Chambers sent her a letter, advising that I would dismiss the case without prejudice if she did not effect service by September 6, 2016.  (Doc. No. 2.)  On September 12, after Plaintiff had failed to effect timely service, I ordered her to show cause why I should not dismiss the case without prejudice for lack of prosecution.  (Doc. No. 3.)  Plaintiff failed to respond, and I dismissed the case without prejudice on September 26, 2016.  (Doc. No. 4); see Fed. R. Civ. P. 4(m).  Over five months later—on March 16, 2017—Plaintiff asked me to reinstate her Complaint and allow her "to amend her complaint naming the correct parties." (Doc. No. 5.)  Because Plaintiff did not invoke any of the Rule 60(b) factors in asking me to vacate my Order of dismissal, I denied her Motion without prejudice.  (Doc. No. 6.)

On December 20, 2017 (over eight months after I denied her last request), Plaintiff again requests that I reopen her case.  (Doc. No. 7.)  Plaintiff alleges that she did not serve Defendants because "[she] was under the idea that  . . . service on Defendants would be done by the Court." (Id.)  She further alleges that she has "the actual email of the wiretapping video Defendant sent to [her] employer" and "a copy of a Radio Talk Show episode wherein the interviewee states in depth what Defendants did to [her]."  (Id.)

As I explained in my last Order, motions to reinstate are governed by Federal Rule of Civil Procedure 60(b).  See Choi v. Kim, 258 F. App'x 413, 414 (3d Cir. 2007); Fisco v. Lamplight Farms, Inc., No. 11-3855, 2013 WL 6253192, at *1 (D.N.J. Dec. 4, 2013); see also Kerlinsky v. Main Line Hosps., Inc., No. 10-4404, 2012 WL 4050793, at *1 n.1 (E.D. Pa. Sept. 14, 2012) (treating motion to amend dismissed complaint as Rule 60(b) motion).  "Rule 60(b) provides that a party may seek relief from a final judgment, order, or proceeding based on any of six enumerated factors."  Choi, 258 F. App'x at 415 (citing Fed. R. Civ. P. 60(b)).  Although Plaintiff again fails to invoke explicitly any of these factors, I will liberally construe her *pro se* request as alleging:  (1) "mistake, inadvertence, surprise, or excusable neglect" under 60(b)(1); and (2) "newly discovered evidence" under 60(b)(2).  See Fed. R. Civ. P. 60(b).  Rule 60, however, provides that requests under 60(b)(1) and (2) "must be made . . . no more than a year after the entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).  Plaintiff's request was filed on December 20, 2017—well over a year after my September 26, 2016 Order dismissing her Complaint, and she provides no justification for her delay in seeking relief.  Accordingly, I will deny Plaintiff's request.

AND NOW, this 8th day of January, 2018, upon consideration of Plaintiff's Request to Reopen her Case (Doc. No. 7), it is hereby **ORDERED** that the Request (Doc. No. 7) is **DENIED**.  This case shall **REMAIN CLOSED**.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

_____

Paul S. Diamond, J.